# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| PROTEA BIOSCIENCES, INC. AND PROTEA BIOCIENCES GROUP, INC.<br><br>Debtors, | Chapter 11<br><br>Case No.  1:17-bk-1200 and 1:17-bk-1201<br><br>Judge Flatley |
| PROTEA BIOSCIENCES, INC. AND PROTEA BIOSCIENCES GROUP, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CKR LAW LLP<br><br>Defendant | Adversary No. |

## COMPLAINT

Protea Biosciences, Inc. ("PBI") and Protea Biosciences Group, Inc. ("PBGI") (collectively, "Plaintiffs") bring this adversary proceeding against the Defendant identified in the above caption (the "Defendant"):

### PARTIES, JURISDICTION AND VENUE

1. PBI and PBGI are Delaware corporations which filed petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") on December 1, 2017 (the "Petition Date").

2. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and sections 547, 548 and 550 of the Bankruptcy Code, to recover avoidable transfers made by the Plaintiffs to Defendant.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiffs consent to entry of final orders or judgment by the Bankruptcy Court.

6. This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

### BACKGROUND

7. The Plaintiffs transferred funds (the "Transfers") to or for the benefit of Defendant on the dates, and in the amounts, set forth on Schedule 1 to this complaint.

8. The Defendant is, or was, a creditor of Plaintiffs.

### COUNT I
### PREFERENTIAL TRANSFER (11 U.S.C. §§ 547 and 550)

9. The Plaintiffs incorporate the foregoing as if fully stated herein.

10. The Transfers are avoidable preferential transfers pursuant to 11 U.S.C. § 547.

11. The Transfers were transfers of property or an interest in property of the Plaintiffs.

12. The Transfers resulted in Plaintiffs disposing of or parting with Plaintiffs' property or Plaintiffs' interest in property.

13. The Transfers were made to or for the benefit of Defendant for or on account of an antecedent debt owed by Plaintiffs before the Transfers were made.

14. The Transfers where made within the applicable 90 day time period set forth in 11 U.S.C. § 547(b)(4).

15. The Plaintiffs are presumed to be insolvent at the time of the Transfers pursuant to 11 U.S.C. § 547(f).

16. The Transfers where made while Plaintiffs were insolvent.

17. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Transfers had not been made; (b) the bankruptcy case was administered under chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

18. As a result of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 547 and 550.

## COUNT II
## FRAUDULENT TRANSFER (11 U.S.C. §§ 548 and 550)

19. The Plaintiffs incorporate the foregoing as if fully stated herein.

20. To the extent the Transfers were not made for or on account of an antecedent debt owed to Defendant, the Plaintiffs received less than reasonably equivalent value in exchange for the Transfers.

21. The Transfers were made or incurred while Plaintiffs were insolvent, or became insolvent as a result of the Transfers.

22. The Transfers were made while Plaintiffs were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining of Plaintiffs were an unreasonably small capital.

23. The Transfers were made or incurred while Plaintiffs intended to incur, or believed that it would incur, debts that would be beyond the Plaintiffs' ability to pay as such debts matured.

24. As a result, the transfers and obligations are avoidable under applicable non-bankruptcy law and pursuant to 11 U.S.C. §§ 548 and 550.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against Defendant for the relief provided for in sections 547, 548 and 550 of the Bankruptcy Code and all other relief that is just and proper.

Dated: November 26, 2019                **BUCHANAN INGERSOLL & ROONEY LLP**

By: /s/Christopher P. Schueller
    Christopher P. Schueller (WV 11267)
    Union Trust Building
    501 Grant Street, Ste. 200
    Pittsburgh, PA 15219
    Telephone: (412) 562-8800
    E-mail: christopher.schueller@bipc.com
    Counsel Protea Biosciences, Inc. and
    Protea Biosciences Group, Inc.

## Schedule 1

| Defendant | Date | Amount |
|---|---|---|
| CKR Law LLP | 10/12/2017 | $4,000.00 |
| CKR Law LLP | 10/13/2017 | $6,000.00 |
| CKR Law LLP | 10/24/2017 | $25,000.00 |
| | | |
| Total | | $35,000.00 |